364

Disciplinary Board Docket nos. 36 D.B. 89, 105 D.B. 89, 36 D.B. 90.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SLOANE, *Member,* October 18, 1993—Pursuant to Rule 208(d)(2)(iii), Pa.R.D.E., the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On April 24, 1989, the Office of Disciplinary Counsel filed a petition for discipline, docketed at no. 36 D.B. 89.

A second petition for discipline, docketed at no. 105 D.B. 89, was filed on October 11, 1989.

The Office of Disciplinary Counsel filed a third petition for discipline, docketed at no. 36 D.B. 90, on March 29, 1990.

The three petitions, which all charged respondent with mishandling client affairs, through neglect, were consolidated and assigned to Hearing Committee [ ], which eventually consisted of [ ], Esq., Chairman; [ ], Esquire, member; and, [ ], Esquire, member.

The committee held hearings on the matter on November 9, 1990 and November 19, 1990, and filed its report on April 27, 1992. It was the recommendation of Hearing Committee [ ] that respondent be suspended from the practice of law for a period of one year and one day.

On June 8, 1992, respondent filed a brief on exceptions to the Hearing Committee report, at which time oral argument was requested, in addition to a more lenient disciplinary sanction.

The Office of Disciplinary Counsel filed its reply brief on June 26, 1992, recommending that the one year and one day suspension proposed by the Hearing Committee be adopted.

Oral argument was heard on July 22, 1992, by a three-member panel of the board, consisting of Leonard A. Sloane, Esquire, Berle M. Schiller, Esquire and Stephen T. Saltz, Esquire.

Respondent subsequently filed a petition to remand the matter for hearing on mitigation, which was granted by the Disciplinary Board on August 21, 1992.

A mitigation hearing was held on the matter on October 2, 1992.

On February 16, 1993, Messrs. [ ] and [ ], of Hearing Committee [ ], filed a supplemental report and recommended that respondent receive a public censure, conditioned upon his continued and supervised position as assistant counsel to the [ ] Commission.

On March 5, 1993, Office of Disciplinary Counsel filed a brief on exceptions to these new recommendations of Hearing Committee [ ].

Respondent filed an answer to these exceptions on March 9, 1993, and requested oral argument, which was held before the same three-member panel of the Disciplinary Board on April 15, 1993.

The matter was adjudicated at the April 23, 1993 meeting of the Disciplinary Board of the Supreme Court of Pennsylvania.

## II. FINDINGS OF FACT

The following is a summary of the relevant facts in this matter. A more detailed listing of the facts can be found in the Appendix following this report.

(1) Petitioner, whose principal office is now located at Suite 400, Union Trust Building, 501 Grant Street, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207, Pa.R.D.E. with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [ ], was born in 1938, was admitted to practice law in the Commonwealth of Pennsylvania on April 26, 1973, and is currently employed as an assistant chief counsel with the [ ] Commission of the Commonwealth of Pennsylvania in Harrisburg, Pennsylvania.

### A. [A] Matter

(3) In 1976, respondent was retained by [A] to obtain a deed to property left to her by her mother's will. For the next seven years respondent took no action

on the matter, despite having collected a $100 fee and agreeing to represent [A].

(4) In 1983, respondent misrepresented to [A's] oil company that the deed to her mother's property was to be recorded. However, for the next four years he took no further action on her behalf.

(5) Finally, in 1989, respondent recorded the deed to the inherited property.

## B. [B] Matter

(6) In 1980 respondent was retained by Mr. and Mrs. [B] to represent them in claims against various municipal employees, officials, and government entities in [   ] County for false arrest, harassment, and civil rights violations.

(7) Respondent's failure to timely file appropriate complaints ultimately resulted in a dismissal with prejudice of the [A's] claims. Although the matter was remanded for consideration of lesser sanctions than dismissal of litigation, respondent failed to take any further action on behalf of the couple after October 1984, despite a December 1984 ruling ordering him to personally pay defense counsel fees, which respondent failed to respond to properly.

(8) Respondent subsequently motioned to withdraw as counsel for the [B] and was granted the request contingent upon payment of installments to cover defense attorney fees. After respondent made the two payments required to be satisfied before his request was granted, he failed to fulfill the balance of payments owed to defense counsel.

## C. [C] Matter

(9) In November 1987, respondent was appointed by the court to represent [C] in a criminal appeal to the Superior Court. The brief on appeal was due on

or before January 26, 1988. Despite a statement in the original order appointing respondent as [C's] defense counsel advising respondent that unless he notified the judge within 10 days of his inability to accept the appointment, his appearance would be entered on the docket of the Superior Court. Respondent failed to notify the court of his declination of this appointment and failed to file any brief on behalf of the complainant. Consequently his appeal was dismissed, without prejudice, and he filed a pro se petition under the Post Conviction Hearing Act relating to ineffective counsel at both trial and appellate levels.

## D. [D] Matter

(10) The Hearing Committee and the board find no violation involving the [D] matter.

## III. CONCLUSIONS OF LAW

Respondent's aforementioned actions collectively violate the following Disciplinary Rules:

(A) D.R. 1-102(A)(5), which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice;

(B) D.R. 1-102(A)(6), which prohibits an attorney from engaging in any other conduct that adversely reflects on his fitness to practice law;

(C) D.R. 1-105(A)(5), which prohibits an attorney from engaging in conduct that is prejudicial to the administration of justice;

(D) D.R. 6-101(A)(3), which prohibits an attorney from neglecting a legal matter entrusted to him;

(E) D.R. 7-101(A)(1), which prohibits an attorney from intentionally failing to seek the lawful objectives of a client through reasonably available means;

(F) D.R. 7-101(A)(2), which prohibits an attorney from intentionally failing to carry out a contract of

employment entered into with a client for professional services;

(G) D.R. 7-101(A)(3), which prohibits an attorney from intentionally prejudicing or damaging a client during the course of the professional relationship;

(H) D.R. 7-106(A), which prohibits an attorney from disregarding or advising his client to disregard a standing rule of a tribunal or a ruling of a tribunal made in the course of a proceeding; and,

(I) D.R. 7-106(C)(7), which prohibits an attorney from intentionally or habitually violating any established rule of procedure or of evidence when appearing in his professional capacity through a tribunal.

## IV. DISCUSSION

There are two issues before the Disciplinary Board. First and foremost is the question of what type of misconduct has occurred; in other words, what Disciplinary Rules have been violated. Second, there is the issue of disposition: what is the appropriate measure of discipline for this particular respondent in light of both the nature of his misconduct and the facts unique to this specific proceeding.

The instant proceeding involves an attorney who repeatedly neglected client matters. The gravamen of each petition before the board is that respondent accepted an entrusted legal matter, in some instances received a nominal fee, and failed to furnish legal representation to his clients. Respondent has acknowledged, in the form of stipulations, that this misconduct did, in fact, occur. He further acknowledged that he had no legitimate rationale for his behavior. We are, therefore, convinced that all of the aforementioned Disciplinary Rules were violated, evidenced in the facts, and that respondent has engaged in numerous acts of misconduct, involving neglect, since 1976.

The real issue, therefore, is the appropriate disciplinary sanction for this respondent, a recommendation that will protect the interests of the public and uphold the integrity of the bar. See *Office of Disciplinary Counsel v. Stern,* 515 Pa. 68, 526 A.2d 1180 (1987).

The misconduct which brought respondent before this board is the latest in a series of episodes involving neglect of entrusted legal matters. Respondent has received six informal admonitions and one private reprimand in the past for similar misconduct. Indeed, it is our position that his lengthy disciplinary history for the same type of unprofessional conduct warrants an increase in the degree of discipline previously rendered. See *In re Anonymous No. 8 D.B. 83,* 27 D.&C.3d 378 (1983) (attorney who previously received six informal admonitions for neglecting legal affairs received a private reprimand when another instance of neglect occurred).

Having determined that our starting point in disposing of this matter is the imposition of a sanction stronger than informal admonition or private reprimand, our next query is whether there are any unique facts we must consider when weighing our disciplinary options. Respondent's current employment is, in our opinion, a highly relevant fact which should be considered in the dispositional phase of this proceeding.

Respondent, who is now 54 years old, is assistant chief counsel for the [ ] Commission, where he has been employed since February 1990. With the exception of concluding cases he was already handling at the time he began working at the commission, respondent is not engaged in the private practice of law, and intends to remain in the government sector until his retirement. (November 19, 1990 hearing, N.T. 70-72.) Thus he would be unable to repeat the type of misconduct which has brought him before this board.

The Hearing Committee received the testimony of [E], Esquire, who is assistant chief counsel with the [    ] Commission who had been employed at the commission for 13 years. [E] is respondent's immediate supervisor. He testified that respondent demonstrated to him the most important characteristics of doing the type of work performed by the [    ] Commission. [E] considered respondent's sensitivity an asset to his position. He further testified that respondent's knowledge continues to grow; that he continues to show an interest and a desire to learn. [E] indicated that he had not had a problem with respondent keeping current on his docket of cases and that he has performed his duties as assistant counsel in a competent, efficient fashion. (October 22, 1992 hearing, N.T. 28-31.)

There is precedent in Pennsylvania for recommending that this respondent be disciplined in a manner in which he will be sanctioned and precluded from resuming the private practice of law except under the direct supervision of another attorney who actively practices in Pennsylvania. In the case of *In re Anonymous No. 53 D.B. 83*, 33 D.&C.3d 427 (1984), the respondent was a 69 year old attorney who became employed full-time as an assistant public defender. He neither engaged in the private practice of law nor had any full-time clients and worked under the supervision of the public defender. The Disciplinary Board recommended that the respondent receive public censure with the condition that he not return to the private practice of law. See also, *In re Anonymous No. 53 D.B. 83, supra.*

We believe that probationary discipline is appropriate for the type of violations committed by respondent, especially in view of the recidivism. It should be noted that there were no allegations against respondent of any type of misconduct involving dishonesty, rather, the principal complaint against respondent, was mishandling of files and recidivistic conduct. See *In re*

*Anonymous No. 8 D.B. 88,* 27 D.&C.3d 378 (1983) (after six informal admonitions, the respondent received a private reprimand).

In an event to prevent a repeat of his misconduct, it is our recommendation that respondent be subject to a monitored probationary constraint, in addition to receiving discipline. The recidivistic nature of respondent's conduct, tempered by his recognition that he is better able to function in the public sector, leads to the conclusion that a six month suspension from the practice of law, to be stayed and accompanied by a two year period of probation during which respondent must submit to supervision of another Pennsylvania practitioner should he desire to return to the private practice of law, is the correct disciplinary sanction in this instance.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends that respondent, [    ], be subjected to a six month suspension, stayed in its entirety, and placed on two years probation, subject to the following conditions:

(1) During the period of probation, respondent shall not engage in the private practice of law, except under the direct supervision of another attorney admitted to practice law in this Commonwealth in good standing;

(2) [E], Esquire, is hereby appointed as respondent's practice monitor;

(3) [E] will meet with respondent on a monthly basis to review respondent's caseload and verify deadlines;

(4) [E] shall file quarterly written reports on a board approved form with the secretary of the board;

(5) [E] shall immediately report to the secretary of the board if respondent discontinues his employment with the [    ] Commission; and,

(6) If respondent chooses to resume the private practice of law, he must select a practice monitor subject to the approval of Office of Disciplinary Counsel.

It is further recommended that the court direct that respondent pay all of the necessary expenses incurred in the investigation and processing of this matter pursuant to Rule 208(g), Pa.R.D.E.

Board Members Hill, Lieber and Flaherty did not participate in the adjudication.

## APPENDIX

### *Stipulations*

The following stipulations are entered into by and between [    ], assistant disciplinary counsel, counsel for petitioner, and [    ], Esquire, respondent, and are admitted as evidence upon the record in this matter pursuant to section 89.131 of the Disciplinary Board Rules:

(1) Petitioner maintains its principal office at Commerce Building, 300 N. Second Street, Harrisburg, Pennsylvania.

(2) Respondent was admitted to practice law in the Commonwealth of Pennsylvania on April 26, 1973.

(3) Photocopies of documents may be utilized as evidence in this matter and admitted as such as long as such photocopies are exact duplicates of the original document.

(4) Photocopies of court dockets, orders, opinions and pleadings filed of record may be utilized as evidence in this matter and admitted as such without the need for certification or authentication by records custodians or such other persons as may authenticate these items.

(5) Photocopies of pleadings, discovery requests and answers thereto, motions, replies to motions, appeals, appellate briefs, or any other pleading or other documents of record may be utilized of record in this matter

and admitted as such without the need for certification or authentication by records custodians or such other persons as may authenticate these items.

(6) Photocopies of notes of testimony of proceedings or depositions taken in the underlying factual matters may be utilized as evidence and admitted as such without the need for certification or authentication by records custodians or such other persons as may be able to authenticate such items.

### Count I, No. 36 D.B. 89

(7) [F] died testate in [    ] on March 3, 1976.

(8) [F] was the mother of [A].

(9) At the time of her death [F] was the record owner of real property located at [    ].

(10) The last will and testament of [F] left all of her realty and personalty to her daughter, [A].

(11) The only real estate owned by [F] at the time of her death was the property located at [    ].

(12) The will of [F] appointed [G] of [    ] as her executrix.

(13) Between August 11, 1976 and August 1983 the respondent did not perform any of the activities set forth below concerning the estate of [F] or the property at [    ]:

(a) the respondent failed to file the will of [F] with the recorder of wills so that it could be admitted for probate;

(b) the respondent failed to file for letters testamentary for the executrix of the estate;

(14) In or about August 1983 the respondent informed [A] that he had obtained the signature of [G], executrix for the estate of [F], upon a deed drafted to convey title to the [    ] property to [A].

(15) On August 16, 1983 the respondent requested that [A] pay him the sum of $10 to pay for a filing fee with the recorder of deeds.

(16) On August 16, 1983 [A] paid the respondent $10 as requested and received a receipt signed and dated by the respondent.

(17) Between August 16, 1983 and October 28, 1983 the respondent did not file a deed with the recorder of deeds on behalf of [A].

(18) By letter dated October 28, 1983 the respondent wrote to the [H] Oil Company of [    ], Pennsylvania and enclosed a copy of a deed for [A] for the [    ] property which respondent stated was to be filed with the recorder of deeds in [    ].

(19) By letter dated October 28, 1983 the respondent forwarded a copy of his October 28, 1983 letter to [H] Oil Company to [A].

(20) On February 10, 1988 the respondent contacted [A] and requested that she pay him the sum of $146 for costs to the register of wills.

(21) On or about August 2, 1988 the respondent contacted [A] and requested that she reissue a check in the amount of $146 for the recorder of wills.

(22) [A] issued check number 1862 in the amount of $146 and made payable to the recorder of wills on August 2, 1988 and gave the check to the respondent.

(23) On September 1, 1988 the respondent filed the will of [F] with the recorder of wills and it was admitted to probate.

(24) On September 1, 1988 the respondent filed the documents necessary to obtain a grant of letters testamentary for [G] regarding the estate of [F], including the oath of personal representative.

(25) On September 1, 1988 the respondent paid $146 to the recorder of wills as a filing fee for the probate of the will of [F] and the granting of letters testamentary.

(26) On September 2, 1988 the register of wills granted letters testamentary and of administration to [G] as executrix of the estate of [F].

*Count II, No. 36 D.B. 89*

(27) Respondent agreed to represent the [B] for a retainer fee of $200 with the balance of his fee to be paid on a contingency basis.

(28) On November 4, 1981 the respondent initiated suit on behalf of the [B] in the matter of *[B] v. [I]*, civil action no. [    ] in the United States District Court for the [   ] District of Pennsylvania.

(29) The lawsuit of *[B] v. [I]* alleged claims of false arrest, harassment and civil rights violations under 42 U.S.C. §1983 by various municipal employees and officials against the [B].

(30) On January 4, 1982 defendants [J] and the County of [   ] filed a motion seeking a dismissal of the action against them.

(31) By order dated July 22, 1982 the court granted the motion to dismiss of defendants [J] and the County of [   ].

(32) On July 28, 1982 the court denied the respondent's motion for injunctive relief, after hearing.

(33) Respondent filed a brief in opposition to the remaining defendants' motion to dismiss on September 7, 1983.

(34) By court order dated October 19, 1983, the motion to dismiss of [K] was denied and respondent was given leave of 20 days in which to file an amended complaint.

(35) On November 9, 1983 the court entered an order dismissing civil action no. [    ], with prejudice, due to respondent's failure to timely file an amended complaint.

(36) On November 10, 1983 the respondent filed an amended complaint.

(37) On November 18, 1983 the respondent filed a motion for relief from the order dismissing the complaint.

(38) On December 9, 1983 the respondent filed an appeal to the [    ] Circuit Court of Appeals docketed at no. [    ] from the November 9, 1983 order of the district court.

(39) On December 20, 1983 the clerk of the [    ] Circuit Court of Appeals sent a letter to all counsel advising that respondent's appeal would be submitted to a panel of the court for possible dismissal due to a jurisdictional defect for the reason that the appeal was premature, and directing all parties to respond by January 3, 1984.

(40) On January 4, 1984 the district court entered an order denying the respondent's motion for relief from the November 9, 1983 order dismissing the action.

(41) By letter dated January 13, 1984 the respondent sent a response to the [    ] Circuit Court of Appeals opposing the finding of a jurisdictional defect in his appeal docketed at no. [    ].

(42) On February 27, 1984 the [    ] Circuit issued an order dismissing the respondent's appeal filed at no. [    ] due to a jurisdictional defect as the respondent had failed to obtain a final order prior to taking his appeal.

(43) On February 2, 1984 the respondent filed another appeal to the [    ] Circuit Court of Appeals docketed at no. [    ] seeking relief from the district court's dismissal of the litigation.

(44) On March 5, 1984 the [    ] Circuit issued a briefing notice to the respondent.

(45) On April 16, 1984 respondent filed a motion for extension of time until April 19, 1984 in which to file the brief in the appeal docketed at no. [    ].

(46) On April 20, 1984 the defendants filed an answer to the motion for extension of time and a motion to dismiss the appeal for respondent's failure to timely file a brief.

(47) The respondent did not file a brief on April 19, 1984.

(48) On May 24, 1984 the [     ] Circuit granted respondent's motion for leave to file brief out of time.

(49) By letter from the clerk of the [     ] Circuit sent at the direction of the court, all counsel were requested to respond by letter brief, not later than August 20, 1984, as to the relevance of certain enumerated cases to the subject appeal.

(50) Respondent filed his letter brief on August 20, 1984.

(51) Defense counsel filed his letter brief on August 24, 1984.

(52) Argument was held in the appeal filed at no. [     ] on September 10, 1984 at which respondent appeared and argued.

(53) By order and opinion dated September 24, 1984 the [     ] Circuit Court of Appeals vacated and remanded the matter to the district court for consideration of lesser sanctions than dismissal of the litigation, in accordance with the court's opinion.

(54) The order of the [     ] Circuit of September 24, 1984 determined to vacate and remand the matter to the district court finding, inter alia:

"[D]ismissal for failure to prosecute a case is an extreme sanction, not favored in this circuit. Such a dismissal harshly punishes plaintiffs for the error of their counsel. This court has held that in the context of a dismissal for failure to prosecute, as in the context of a default judgment, 'the district court must first consider whether less severe sanctions would serve the ends of justice.' " *[B] v. [I],* no. [     ] ([     ] Cir., 9/24/84 at p. 4).

(55) By order dated December 17, 1984 the district court awarded attorneys' fees to the defendants in the amount of $2,529 and directed that the respondent personally pay said amount to defense counsel on or before December 31, 1984.

(56) The district court, by its order of December 17, 1984 also directed that all discovery and pretrial proceedings be completed not later than January 31, 1985, and scheduled a pre-trial conference for February 22, 1985 at 2:30 p.m. and trial for March 18, 1985 at 9:30 a.m.

(57) The respondent made no payment of attorneys' fees as directed by the order of December 17, 1984 on or before December 31, 1984.

(58) United States District Court for the [     ] District of Pennsylvania Local Rule of Civil Procedure 20(g) requires that any motion seeking reconsideration of an order must be made within 10 days from the date of entry of the order concerned.

(59) On December 31, 1984 the respondent filed a motion and memorandum of law seeking a stay and reconsideration of the court's December 17, 1984 order directing him to personally pay opposing counsel's attorneys' fees.

(60) The respondent did not appear at the October 13, 1983 conference attributing such failure to the refusal of the Honorable [L] of the Court of Common Pleas of [     ] from adjourning a trial that had been commenced on October 11, 1983 to allow respondent to attend the conference.

(61) On January 11, 1985 the defendants filed a brief in opposition to the respondent's motion for stay and reconsideration.

(62) By order dated January 24, 1985 the district court denied the respondent's motion for stay and reconsideration and directed that the respondent comply with the order of December 17, 1984 forthwith.

(63) On February 15, 1985 the respondent filed a motion seeking leave to withdraw as counsel for the [B].

(64) On February 15, 1985 the respondent filed a certificate of service with the court in which he certified that a copy of the motion seeking leave to withdraw as counsel had been served upon [B].

(65) On February 22, 1985 the district court scheduled a conference for Friday, March 8, 1985 upon respondent's motion seeking leave to withdraw as counsel.

(66) By letter dated March 1, 1985 respondent advised the [B] that a conference was scheduled before Judge [M] on March 8, 1985 at 4 p.m. in [     ].

(67) On February 25, 1985, the respondent filed another appeal to the [     ] Circuit Court of Appeals docketed at no. [     ] seeking review of the district court's order directing that respondent pay the defense attorney's fees and costs.

(68) On March 12, 1985 the district court denied the respondent's motion for leave to withdraw as counsel pending his compliance with the prior order directing respondent to pay defense counsel's fees and costs.

(69) By letter dated March 22, 1985 the respondent advised the [     ] Circuit of his opposition to the dismissal of his appeal in no. [     ].

(70) On March 29, 1985 the clerk for the [     ] Circuit submitted respondent's appeal filed at no. [     ] to the court for dismissal due to a jurisdictional defect.

(71) By order dated June 4, 1985 the [     ] Circuit granted the respondent leave to file his brief and appendix on or before June 24, 1985.

(72) The respondent did not file a brief and appendix with the [     ] Circuit in no. [     ] on or before June 24, 1985.

(73) By order dated July 17, 1985 the [     ] Circuit dismissed respondent's appeal filed at no. [     ].

(74) On July 26, 1985 the respondent filed a motion to set aside the order to dismiss no. [   ].

(75) By order dated August 15, 1985 the [   ] Circuit granted respondent's motion to set aside the previous order to dismiss the appeal at no. [   ] and directed that respondent file a brief in support of his appeal on or before September 3, 1985.

(76) Respondent failed to file a brief with the [   ] Circuit on or before September 3, 1985 in no. [   ].

(77) On March 6, 1986 the respondent filed a motion for enlargement of time with the [   ] Circuit seeking leave to file a petition for rehearing upon the appeal filed at no. [   ].

(78) By order dated March 11, 1986 the respondent's petition for enlargement of time was granted and the respondent was directed to file his petition on or before March 17, 1986.

(79) The respondent failed to file his petition for rehearing with the [   ] Circuit by March 17, 1986.

(80) By order of April 3, 1986, the [   ] Circuit, en banc, denied respondent's petition for rehearing in no. [   ].

(81) By order dated April 11, 1986 the [   ] Circuit affirmed the judgment of the district court against the respondent in which he was directed to pay opposing counsel's fees and costs in the amount of $2,529.

(82) On June 27, 1986 a pre-hearing conference was held in the district court in no. [   ] at which the respondent agreed to pay $500 towards the award of attorney's fees made against him, and then monthly payments thereafter until the entire $2,529 was paid off.

(83) By order dated June 30, 1986, the district court directed that the respondent pay $500 within 30 days,

and that in the event that respondent failed to timely make the initial $500 payment or any of the monthly $500 payments thereafter, the court would institute contempt proceedings against him.

(84) The respondent did make an initial payment of $500 to opposing counsel, [N], Esquire by check dated July 25, 1986.

(85) The respondent made a second payment to [N] of $500 on October 8, 1986.

(86) The respondent paid a total of $1,000 to [N] in compliance with the district court's orders directing that he pay a total of $2,529.

(87) The respondent has never paid the $1,529 balance to [N] and has never fully complied with the district court's orders.

## Count I, No. 105 D.B. 89

(88) On August 27, 1986 [O] sustained injuries while a passenger on a [P] bus.

(89) On August 27, 1986 the respondent was retained to represent [O] in all claims which he might have arising from the August 27, 1986 [P] accident.

(90) Under cover of letter dated September 30, 1986 the respondent filed a notice of claim on behalf of [O] with [P].

(91) Under cover of letter dated October 6, 1986 the respondent sent a letter of representation and an affidavit of no insurance to [P].

(92) Under cover of letter dated October 17, 1986 the respondent requested [P's] cooperation so that [O] could receive medical treatment.

(93) Under cover of letter dated January 14, 1987 the respondent submitted some medical bills to [P] and an application for benefits on behalf of [O].

(94) By letter dated March 2, 1987 the respondent wrote to [P] confirming a telephone conversation regarding the payment of certain of [O's] medical bills.

(95) By letter dated March 25, 1987 the respondent set forth the nature of [O's] injuries and requested that [P] pay his medical bills.

(96) The statute of limitations for personal injury claims is two years as set forth at 42 Pa.C.S. §5524.

(97) The statute of limitations for [O's] claim against [P] ran on August 26, 1988.

(98) On August 25, 1988 the respondent initiated suit in [O's] name in the matter of *[O] v. [P]*, no. [    ], August Term, 1988, in the Court of Common Pleas of [    ].

(99) The respondent endorsed the complaint in no. [    ] which he filed as the "attorney for plaintiff."

(100) The respondent personally endorsed the verification attached to the complaint in no. [    ].

(101) The respondent has never relinquished any portion of [O's] file to either [O] or [P].

(102) The respondent has never discontinued nor withdrawn the litigation he commenced at no. [    ], August Term, 1988.

*Count I, No. 36 D.B. 90*

(103) On September 29, 1987, [R] through his counsel at the time, [S], Esq., filed a notice of appeal to the Superior Court from his conviction for possession of instruments of crime and murder in the first degree docketed at *Commonwealth v. [R]*, no. [    ], Court of Common Pleas of [    ], and in the Superior Court at no. [    ].

(104) On October 14, 1987 [S] filed a petition with the trial court seeking leave to withdraw as counsel for [R].

(105) On October 28, 1987 [R] filed a pro se motion with the trial court seeking appointment of new counsel.

(106) On November 5, 1987 the respondent was appointed to represent [R] in his appeal to the Superior Court by order of the Honorable [T], pursuant to Rule 316, Pa.R.Crim.P.

(107) The respondent filed no brief with the Superior Court on or before January 26, 1988.

(108) The respondent did not take any other steps to request an extension of time within which to file said brief.

## ORDER

And now, August 18, 1994, upon consideration of the report and recommendations of the Disciplinary Board dated October 18, 1993, and the briefs filed, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of one year and one day and he shall comply with all the provisions of Rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Messrs. Justice Flaherty, Zappala and Papadakos dissent and would suspend respondent for a period of three years.

Mr. Justice Frank J. Montemuro is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket no. 94 R1801, due to the unavailability of Mr. Justice Rolf Larsen, see no. 127 Judicial Administration Docket no. 1, filed October 28, 1993.